Submitted on briefs February 16, affirmed March 2, 1955

## BLOUNT *v.* GLADDEN

280 P. 2d 414

*Charles O. Porter,* Eugene, filed a brief for appellant.

*Robert Y. Thornton,* Attorney General, and *Wolf Von Otterstedt,* Assistant Attorney General, both of Salem, filed a brief for respondent.

PER CURIAM.

This is an appeal by the plaintiff, Eugene V. Blount, Sr., from a judgment of the circuit court dismissing a proceeding in habeas corpus and remanding the plaintiff to the custody of the warden of the Oregon state penitentiary.

Defendant was convicted in the circuit court for Lane county, Oregon, of the crime of rape committed upon his minor daughter. He appealed to this court, and the judgment of conviction was affirmed. *State of Oregon v. Blount, Sr.,* 200 Or 35, 264 P2d 419.

On that appeal two assignments of error only were relied upon, viz.: (1) that the trial court erred in denying a motion for postponement of the trial, and (2) that the court erred in its refusal to order the state to advance funds for the payment of witness fees and travel expenses of two persons (residents of California) who, it was claimed, would have been material witnesses for the defendant. We gave careful consideration to defendant's contentions, but decided them against him. *State of Oregon v. Blount, Sr.,* supra.

The defendant Blount, as plaintiff, petitioned the circuit court for Marion county for a writ of habeas corpus. The writ was issued directed to Clarence T. Gladden, Warden of the Oregon state penitentiary, as defendant. The defendant made his return to the writ, alleging that he had plaintiff in his custody pursuant to a judgment order and sentence of the circuit court of the state of Oregon for Lane county, annexing a duly certified copy of such judgment and sentence. In his replication to the return plaintiff questioned the validity of the judgment and sentence of the Lane county circuit court, solely upon the identical grounds urged in this court upon the original appeal. *State of Oregon v. Blount, Sr.,* supra. No new grounds whatever are urged in support of plaintiff's contention that his imprisonment is illegal.

In effect this proceeding in habeas corpus is but an attempt to relitigate the very same issues present and decided in *State of Oregon v. Blount, Sr.,* supra. The trial court sustained a demurrer to the replication, and, plaintiff refusing to plead further, entered an order dismissing the writ. It is from this order that plaintiff has appeal to this court. The appeal is wholly without merit.

Affirmed.